IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SOUTH RIVER CAPITAL, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2371 |
| MANUFACTURERS AND TRADERS TRUST COMPANY, | * | |
| | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff South River Capital ("SRC") is a lending company that maintains a business bank account with Defendant Manufacturers and Traders Trust Company ("M&T"). SRC deposited two checks at the bank that were eventually returned for insufficient funds, and M&T debited the amount of the checks from SRC's account. SRC alleges that M&T provided insufficient notice in doing so.[1] Presently pending are M&T's partial Motion to Dismiss Counts I and II of the First Amended Complaint[2] (ECF No. 7) and SRC's Motion for Leave to File a Second Amended Complaint (ECF No. 11). The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, M&T's partial Motion to Dismiss (ECF No. 7) is DENIED, and SRC's Motion for Leave to File a Second Amended Complaint (ECF No. 11) is GRANTED.

---

[1] Jurisdiction is predicated on both federal question and diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

[2] M&T does not attempt to dismiss Count III of the First Amended Complaint.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Complaint, and accepted as true for the purpose of Defendant's Motion to Dismiss.

Plaintiff South River Capital ("SRC") is a lending company that maintains a business bank account with Defendant Manufacturers and Traders Trust Company ("M&T"). (ECF No. 7-1 at 2.) SRC received a check from Cottonport Bank dated July 7, 2023, that it deposited at M&T on July 11, 2023. (ECF No. 4 ¶ 11.) SRC contacted Cottonport to ensure that funds were available to clear the check, which Cottonport confirmed. (*Id.* ¶ 15.) Two days later, SRC received confirmation from an employee of M&T's Annapolis branch that the check cleared. (*Id.*) On July 17, 2023, the check was returned to M&T as a non-conforming item, but M&T did not notify SRC that the check was returned. (*Id.* ¶¶ 16–17.)

On August 11, 2023, SRC received a second check, which it again deposited at M&T. (*Id.* ¶¶ 18–19.) M&T informed SRC that there was an issue with that check, and on August 16, 2023, SRC received notice from M&T that the check was returned for insufficient funds. (*Id.* ¶ 20.) M&T debited the amount of the check, as well as the amount from the first check, from SRC's account that same day. (*Id.* ¶ 21–22.)

SRC filed its original three-count Complaint against M&T in this Court on September 1, 2023. (ECF No. 1.) The counts were as follows: violation of the Expedited Funds

Availability Act, 12 U.S.C. § 4001 (Count I); failure to exercise ordinary care and good faith in violation of Maryland Commercial Code §§ 3-103 and 4-103 (Count II); and right of charge-back or refund, liability of collecting bank, and return of item under Maryland Commercial Code § 4-214 (Count III). It filed an amended complaint, maintaining the same three counts, on September 19, 2023. (ECF No. 4.) M&T moved to dismiss Counts I and II of the Amended Complaint. (ECF No. 7.) SRC thereafter moved for leave to file a Second Amended Complaint, which seeks to change Count II to a breach of contract claim. (ECF No. 11.) The matters are ripe for review.

## STANDARD OF REVIEW

### I. Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual

allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## II. Motion for Leave to File Second Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings. Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lanford v. Prince George's Cnty., Md.*, 199 F. Supp. 2d 297, 300–01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, which may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

## ANALYSIS

## I. Count I

The Expedited Funds Availability Act, 12 U.S.C. §§ 4001–4010 ("EFAA"), is "designed

to accelerate the availability of funds to bank depositors and to improve the Nation's check payment system." *Bank One Chicago, N.A. v. Midwest Bank & Tr. Co.*, 516 U.S. 264, 266 (1996). The Federal Reserve Board implemented the Act through what is referred to as "Regulation CC," 12 C.F.R. § 229. *Bank One Chicago*, 516 U.S. at 268. "The regulation requires a paying bank that 'determines not to pay a check in the amount of $2,500 or more' to 'provide notice of nonpayment' to a receiving bank within two business days, among other requirements." *Aresty Int'l L. Firm, P.C. v. Citibank, N.A.*, 677 F.3d 54, 57 n.4 (1st Cir. 2012). The other requirements are at issue in this case.

In this case, SRC alleges that M&T violated the EFAA by failing to provide notice that the July 7 check was returned on July 17. (ECF No. 4 ¶ 37.) In support of this claim, it cites to 12 C.F.R. § 229.33(h), which provides that a bank that has received a returned check must "send or give notice to its customer of the facts by midnight of the banking day following the banking day on which it received the returned check, notice of nonpayment, or notice of recovery, or within a longer reasonable time." 12 C.F.R. § 229.33(h). M&T makes no acknowledgement of this regulation, and instead directs the Court's attention to *Essex Const. Corp. v. Indus. Bank of Washington, Inc.*, 913 F. Supp. 416 (D. Md. 1995). Although that case has some relevance, it does not address the facts as alleged here: namely, that the Defendant made the funds available as required under the Act, but failed to provide proper notice under Regulation CC. As the United States District Court for the District of Rhode Island has noted, the "EFAA does not make banks liable for their customers' checks," but only "as long as depository institutions comply with its notice provisions." *Lynch v. Bank of Am., N.A.*, 493 F. Supp. 2d 265, 269 (D.R.I. 2007). In other words, notice is a key feature of the EFAA. This

provides the foundation for SRC's claim in Count I, and it therefore survives M&T's partial motion to dismiss. Accordingly, Defendant's partial Motion to Dismiss Count I of the Amended Complaint is DENIED.

## II. Count II

To address the argument made by M&T in its partial Motion to Dismiss Count II of the Amended Complaint, SRC filed a Motion for Leave to Amend (ECF No. 11) with a proposed Second Amended Complaint (ECF No. 11-1). The Second Amended Complaint would change Count II from one under Maryland Commercial Code §§ 3-103 and 4-103 to a breach of contract claim. To support the change, SRC alleges that "[t]he relationship between a bank and its customers is contractual. The duty of care is established under the Maryland Commercial Code, and no party to a banking contract may disclaim the implied covenants of good faith and fair dealings." (ECF No. 11-1 ¶ 45.) SRC further alleges that "[b]y breaching the duty of ordinary care owed to Plaintiff, M&T breached its contract with Plaintiff." (*Id.* ¶ 48.)

These allegations, although minimal, meet the requirements to survive a motion to dismiss for failure to state a claim. Under Maryland law, the elements of a claim for breach of contract are "contractual obligation, breach, and damages." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Kumar v. Dhanda*, 17 A.3d 744, 749 (Md. Ct. Spec. App. 2011), *aff'd*, 43 A.3d 1029 (Md. 2012)). A complaint "alleging a breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *RRC Ne., LLC v. BAA Md, Inc.*, 994 A.2d 430, 440 (Md. 2010) (quoting *Cont'l*

*Masonry Co. v. Verdel Const. Co.*, 369 A.2d 566, 569 (Md. 1977)).

In this case, SRC has alleged an implied contract with M&T that was breached when M&T failed to follow reasonable commercial standards in exercising ordinary care as required under Maryland Uniform Commercial Code Sections 3-103 and 4-103. It further alleges actual damages in the amount of the July 11th deposit, loss of business, expenses incurred, and fees, as well as consequential damages. The facts alleged are scant, but they plausibly state a claim upon which relief may be granted. M&T's arguments to the contrary ignore the key role that notice plays in SRC's theory of the case. SRC plausibly alleges that M&T breached its obligations to use ordinary care and act in good faith by failing to provide notice to SRC. Therefore, it would not be futile to amend the Amended Complaint, and justice requires that leave be given. Fed. R. Civ. P. 15. Accordingly, SRC's Motion for Leave to Amend (ECF No. 11) is GRANTED and M&T's partial Motion to Dismiss Count II (ECF No. 7) is DENIED. The Second Amended Complaint shall proceed on all three counts as pled.

## CONCLUSION

For foregoing reasons, it is this 24th day of July, 2024, ORDERED that:

1. Defendant's partial Motion to Dismiss Counts I and II of the First Amended Complaint (ECF No. 7) is DENIED;

2. Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 11) is GRANTED;

3. The Clerk of the Court shall transmit copies of this Memorandum Order to counsel of record.

Dated: July 24, 2024

_____

/s/

Richard D. Bennett
United States Senior District Judge
